UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MILDRED BOWDEN,

                    Plaintiff,                          Case No. 10-12972

v.                                                      Honorable Julian Abele Cook, Jr.

AMERICAN HOME MORTGAGE SERVICING,
INC. and DEUTSCHE BANK NATIONAL TRUST
COMPANY

                    Defendants.


ORDER

        This case involves an accusation by the Plaintiff, Mildred Bowden, who contends that the

Defendants, American Home Mortgage Servicing, Inc. ("American Home") and Deutsche Bank,[1]

violated several federal and state statutes in connection with a mortgage transaction and subsequent

foreclosure proceedings relating to her home. Currently before the Court are the Defendants'

motions to dismiss Bowden's second amended complaint.

I.

        In her complaint, Bowden alleges that she has been the owner of a parcel of real estate on

Ilene Street in Detroit, Michigan since April 2005. On January 10, 2007, she executed an adjustable

rate promissory note in the amount of $123,700 that was secured by a mortgage which encumbered

_____

        [1]As will be discussed, Bowden has had some difficulty identifying the proper Deutsche
Bank entity.

1

the property.[2] The mortgage lists a non-party, American Brokers Conduit, as the lender, and another non-party, Mortgage Electronic Registration Systems, Inc. ("MERS"), as the mortgagee and nominee of the lender and its successors and assigns. She asserts that Deutsche Bank subsequently became the owner of the mortgage, and that American Home became the mortgage servicer. Bowden ceased making mortgage payments in March 2009, apparently because she could not afford the higher payment that resulted from an automatic interest rate adjustment. In January of the following year, MERS assigned the mortgage to Deutsche Bank. A non-judicial foreclosure was initiated by the publication of a notice of default on May 20, 2010.[3] Although the sheriff's safe was scheduled for May 27th, the proceedings were adjourned by American Home to July 29th to permit Bowden to submit a loan modification proposal.

Bowden, through her counsel, submitted a loan modification proposal to American Home on May 24th. However, Bowden alleges that she did not receive a timely response to her loan modification proposal, and therefore she initiated this lawsuit on July 28, 2010 - the day before the rescheduled sheriff's sale. Her complaint was followed by the filing of a first amended complaint

---

[2]This mortgage is alleged to be one of "several" sub-prime mortgages on this property.

[3]There is some dispute as to who initiated the foreclosure. Bowden states that American Home, through its nominee, MERS, did so, while American Home states that Deutsche Bank was the initiator of the foreclosure. The Court notes that MERS was the nominee of the lender (American Brokers Conduit) and its assigns (Deutsche Bank), not of American Home. Moreover, MERS assigned the mortgage to Deutsche Bank several months prior to the publication of the notice of foreclosure. The notice of foreclosure - which, as a matter of public record, is properly considered by the Court, *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) - lists Deutsche Bank as the holder of the mortgage, but was published on behalf of the servicer, American Home. The evidence plainly demonstrates that MERS was not involved in the initiation of foreclosure proceedings, and, as will be discussed *infra*, any dispute as to whether American Home or Deutsche Bank instituted the proceedings is not material.

2

on January 19, 2011, and a second amended complaint on March 21, 2011.[4] The second amended complaint sets forth four counts. In Count I, Bowden seeks the entry of a temporary restraining order[5] and a preliminary and/or permanent injunction that would enjoin the Defendants from conducting the sheriff's sale due to alleged violations of federal and state law. In Count II, she seeks the entry of an order that would direct American Home to respond to her request for a loan modification. Count III is a purported class action against Deutsche Bank in which she seeks declaratory and injunctive relief based upon a claim of racial discrimination and violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq., as well as the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. Finally, Count IV is a purported class action in which she seeks an order that would compel American Home to implement state and federal loan modification laws.

## II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept the plaintiff's well-pleaded allegations as true and construe each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). The complaint

---

[4]Bowden failed to seek leave to file the second amended complaint, in violation of the requirements of Fed. R. Civ. P. 15(a) (allowing a party to "amend its pleading *once* as a matter of course," and thereafter requiring the movant to obtain the consent of the opposing party or leave of the court (emphasis added)).

[5]The docket reflects that, after the filing of the first complaint, the Court contacted Bowden's counsel regarding this request, and indicates that Bowden was to file a separate motion for a temporary restraining order. However, no such motion was ever filed.

"must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the pleading into one for summary judgment where the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F.

4

Supp. 1452, 1457 n.1 (D. Colo. 1989)).

III.

A.   <u>American Home's Motion to Dismiss</u>

American Home responded to the second amended complaint with the filing of a motion to dismiss in which it described in detail why - in its opinion - each count of the complaint failed to state a claim upon which relief can be granted. In her response to American Home's dispositive motion, Bowden - with one minor exception - did not respond to the movant's positions, but instead advanced an entirely new theory for recovery. Pointing to *Residential Funding, LLC v. Saurman*, Nos. 290248, 291443, 2011 WL 1516819 (Mich. Ct. App. Apr. 21, 2011), *rev'd*, 805 N.W.2d 183 (Mich. 2011), Bowden submits that MERS was without legal authority to commence non-judicial foreclosure proceedings against her because it was not the owner of the mortgage.

In *Saurman*, the Michigan Court of Appeals had held that MERS did not fall within the categories of entities that could commence a non-judicial foreclosure under Mich. Comp. Laws § 600.3204(1)(d) ("The party foreclosing the mortgage [must be] either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."). Unfortunately for Bowden, even if MERS had initiated the foreclosure while it was still the nominal mortgagee, *but see supra* n.3, *Saurman* would nevertheless be unavailing because it was recently reversed by the Michigan Supreme Court, which held that MERS is "the owner . . . of an interest in the indebtedness secured by the mortgage at issue . . . because [its] contractual obligations as mortgagee were dependent upon whether the mortgagor met the obligation to pay the indebtedness which the mortgage secured." 805 N.W.2d at 183 (citation and internal quotation marks omitted).

5

In any event, the record plainly demonstrates that MERS did not initiate the foreclosure. Either American Home, as the servicer, or Deutsche Bank, as the holder of the note and the mortgagee by assignment from MERS, were clearly permitted, under § 3204(1)(d), to initiate non-judicial foreclosure proceedings.

Bowden makes what can only be described as a half-hearted attempt to respond to American Home's argument that she has failed to state a claim for a violation of Mich. Comp. Laws §§ 600.3204(1) and 600.3205c. The former section provides, in relevant part, that a non-judicial foreclosure may not be commenced if the "mortgagor has requested a meeting under section 3205b with the [foreclosing party's designee for the purposes of loan modification negotiations], the mortgagor has provided documents if requested under section 3205b(2), and the [designee] has not met or negotiated with the mortgagor under this chapter." § 3204(4)(d). Section 3205b(1), in turn, provides that "[a] borrower who wishes to participate in negotiations to attempt to work out a modification of a mortgage loan shall contact a housing counselor from the list provided under section 3205a within 14 days after the list is mailed to the borrower."[6] Finally, § 600.3205c(8) provides that, if a non-judicial foreclosure is commenced in violation of these (and other) requirements, the borrower may file an action to convert the proceeding into a judicial foreclosure.

American Home acknowledges that § 600.3205c imposes several specific requirements on mortgage servicers.  However, it notes that these requirements are only triggered "[i]f a borrower has contacted a housing counselor under section 3205b but the process has not resulted in an agreement to modify the mortgage loan." § 3205c(1). Thus, it argues that, because a necessary

---

[6]This statute has been amended, but the amended version applies only to foreclosure proceedings in which the first notice of foreclosure was served on the borrower on or after February 1, 2012.

triggering condition in § 3205b - to wit, that the borrower "shall contact a housing counselor" - never occurred, the protections and rights afforded by the statute were not implicated. *See Smith v. Bank of Am. Corp.*, No. 10-14161, 2011 WL 653642, at *7 (E.D. Mich. Feb. 14, 2011) ("[Plaintiffs] have not stated that they contacted a housing counselor and gone through 'the process.' They also have not alleged that they met with a person designated under § 3205a(1)(c) or that any determination was made regarding a loan modification. Without a determination regarding whether they qualified for a loan modification, Plaintiffs' set of facts does not trigger the statute and the rights to sue under it.").

Bowden acknowledges that she did not follow the process outlined in these statutes. Nevertheless, she states - without citation, support, or further argument - that American Home has waived its right to insist on strict compliance with the mortgage modification scheme by accepting a mortgage modification proposal from Bowden, through her counsel. This argument, though novel, is wholly unpersuasive. The Court fails to see how American Home can be held liable for allegedly failing to follow procedures that it was never under any obligation to follow. While the Court has no quarrel with the parties' attempt to negotiate a mortgage modification outside of the process outlined in §§ 3205a-c, Bowden cannot now claim the protections of a procedure that she, by choosing not to contact a housing counselor, did not invoke. *See Young v. BAC Home Loans Serv., LP*, 11-12613, 2012 WL 72299, at *3 (E.D. Mich. Jan. 10, 2012) (rejecting plaintiff's claim that his "substantial compliance" with the procedural requirements of § 3205a was sufficient to trigger servicer's obligations under that section).

Bowden did not respond to any of the other arguments raised by American Home. However, the Court cannot grant a motion to dismiss simply because she failed to respond to it. *Carver v.*

7

*Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The Court must, at a minimum, review American Home's brief and ensure that it has discharged its burden under the standards applicable to 12(b)(6) motions. Of the four counts in the complaint, only Counts I, II, and IV are alleged against American Home. The Court will consider each seriatim.

In Count I, Bowden seeks injunctive relief based upon alleged violations of three Michigan statutes (Mich. Comp. Laws §§ 600.3204(1), 3205c, and 3220) and the federal Home Affordable Modification Program ("HAMP").[7] The Court has already concluded that Bowden has not stated - and, insofar as she did not contact a housing counselor, cannot state - a claim under the first two statutes. Section 600.3220 relates to procedures for giving notice of an adjournment of a sheriff's sale. Bowden simply proclaims - without providing any supporting facts - that the Court should permanently enjoin the non-judicial foreclosure sale because American Home violated this statute. This is plainly insufficient under the standards of *Twombly* and *Iqbal*. Moreover, as American Home has correctly noted, a defect in notice, standing alone and in the absence of a showing of prejudice, is an insufficient ground for invalidating - and, by extension, enjoining - a foreclosure sale. *Worthy v. World Wide Fin. Servs., Inc.*, 347 F. Supp. 2d 502, 511 (E.D. Mich, 2004), *aff'd*, 192 F. App'x 369 (6th Cir. 2006). Bowden does not - and cannot - claim to have been prejudiced when notice was given directly to her attorney and the adjournment was granted upon her request. (*See* Compl. Exs. A, B). In summary, Bowden has failed to allege (1) any facts which describe how

---

[7]"HAMP is a program created by the Department of Treasury and the Federal Housing Finance Agency, which offers financial incentives to mortgage lenders who modify the home loans of borrowers in danger of foreclosure. Mortgage lenders or servicers enter 'servicer participation agreements' with the government agreeing to abide by a set of guidelines in evaluating applications for home mortgage modification." *Zoher v. Chase Home Fin.*, No. 10-14135, 2010 WL 4064798, at *1 (S.D. Fla. Oct. 15, 2010).

or when the notice requirement was violated, (2) any prejudice resulting from the claimed failure to properly publish a notice when she acknowledges that she received actual notice, or (3) any basis for concluding that enjoining the foreclosure sale is a proper remedy. Finally, as multiple courts - including this one - have concluded, HAMP does not provide a private right of action. *E.g.*, *Jozlin v. U.S. Bank Nat'l Ass'n*, No. 11-14749, 2012 WL 12760, at *4 (E.D. Mich. Jan. 4, 2012); *Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010) ("[A]ssuming Plaintiff is eligible for modification (which she is not) and assuming that the Lending Statutes impose a duty on Defendant to modify Plaintiff's mortgage (which they do not), the statutes do not create a private right of action under which Plaintiff may seek relief. There is no express or implied right to sue fund recipients . . . under . . . HAMP." (citation and internal quotation marks omitted)). Because Bowden has failed to state a claim for any of the alleged violations underlying her request for temporary, preliminary, and injunctive relief, these requests must be, and are, denied and Count I is dismissed. *See, e.g.*, *Luckett v. U.S. Bank Nat'l Ass'n*, No. 08-14285, 2009 WL 22858, at *2 (E.D. Mich. Jan. 5, 2009) (likelihood of success is predominant factor in determining whether to grant preliminary injunction or temporary restraining order).

In Count II, Bowden seeks an order that would compel American Home to implement the loan modification procedures set forth in Mich. Comp. Laws § 500.3205c(1). As described above, Bowden cannot claim an entitlement to this procedure where the triggering condition - contacting a housing counselor - has not been met. Therefore, this claim, too, must fail.

Count IV purports to be a class action complaint on behalf of borrowers in nineteen cities across the country who have submitted loan modification proposals to American Home but have not yet received a response. Bowden seeks an order that would compel American Home to

implement the Michigan loan modification procedures and HAMP for all purported class members. As an initial matter, the Court notes the impossibility of requiring compliance with Michigan law with respect to borrowers, transactions, and properties that have no connection whatsoever with Michigan. Moreover, as discussed above, Bowden has failed to state a claim under either § 3205c (due to her failure to comply with the triggering conditions) or HAMP (which confers no private right of action), and thus is not entitled to the relief that she requests. Therefore, Count IV must be, and is, dismissed.

B.     Deutsche Bank's Motion to Dismiss

Before turning to the substantive merits of Bowden's claims against Deutsche Bank, the Court must first address a threshold issue regarding the identity of the proper Defendant in this matter.[8] Each iteration of the complaint listed a different entity as the second Defendant. In the original complaint filed in July 2010, Bowden named "Deutsche Bank, a Federal Republic of Germany corporation, Trustee for American Home Mortgage Investment Trust 2007-1, Mortgage-Backed Notes and Grantor Trust Certificates series 20071" as a Defendant. Service of process was not perfected with respect to any party. In January 2011, Bowden filed an amended complaint in which she named "Deutsche Bank, AG, a Federal Republic of Germany business entity" as the second Defendant. This complaint, too, was never served on any party. The second amended complaint, filed two months later, named "Deutsche Bank, f/k/a, Bankers Trust, a New York business entity" as the second Defendant. Bowden filed a proof of service of this complaint by personal service at Deutsche Bank's American headquarters located on Wall Street in New York

_____

[8]This analysis relates only to Deutsche Bank. There is no question that American Home was properly identified and named in this litigation.

10

City.

The Defendant before the Court is Deutsche Bank National Trust Company, as Indenture Trustee for the American Home Mortgage Investment Trust 2007-1 Mortgage-Backed Notes and Grantor Certificates. This entity states that it appears to be the proper Defendant for Bowden's foreclosure-related claims (Counts I and II), insofar as it held the note and mortgage at the time when the foreclosure process was initiated. When the correct defendant is served, but the complaint identifies the party by the wrong name, the proper remedy, upon the defendant's objection, is to amend the pleading to correct the misnomer. *Palmer v. Roberts*, No. 04-73635, 2005 WL 1631267, at *2 (E.D. Mich. July 6, 2005) ("Although the Rules of Civil Procedure allow a court to dismiss an improperly served defendant, courts recognize the possibility of a bizarre or honest mistake. . . . 'Since the right party was before the court, although under a wrong name, the trial judge properly allowed the amendment to cure the misnomer.'" (quoting *Jackson v. Duke*, 259 F.2d 3, 7 (5th Cir. 1958))).[9]

However, Count III relates to a period between 2003 and 2009, during which time Deutsche Bank and American Brokers Conduit were allegedly parties to a mortgage loan services agreement pursuant to which the former funded and the latter originated "approximately 179,000 non[-] conforming home real estate residential mortgage loans" on a discriminatory basis (Compl. ¶¶ 51-55). The entity before the Court was not even created until 2007 - well after the purported

---

[9]Bowden argues that Deutsche Bank lacks standing to prosecute its motion to dismiss because it was never properly served and did not seek leave to intervene in this case. However, the defenses of insufficient process or insufficient service of process, Fed. R. Civ. Proc. 12(b)(4) and (5), respectively, are within the right of the defendant - not the plaintiff - to raise. Where a defendant does not seek dismissal on either of these grounds, the defense is waived. Fed. R. Civ. Proc. 12(h)(1). Here, it appears that Deutsche Bank intentionally and knowingly waived these defenses with respect to those claims to which it was a proper Defendant.

agreement was executed. Thus, it is clear that, with respect to this claim, this is not simply a case of mistakenly assigning the wrong name to the proper party, but rather bringing the wrong party before the Court. Thus, Deutsche Bank's motion to dismiss this count without prejudice pursuant to Rules 12(b)(4) and/or 12(b)(5) is well-taken.

There is, however, a more fundamental problem with this count. Deutsche Bank states, and Bowden acknowledges, that the Defendant named in the second amended complaint is a non-existent entity. Bowden gives no indication as to what entity is supposed to have committed the acts alleged in this count. However, she appears to have copied, nearly verbatim (aside from switching the party names), vast swaths of a complaint filed by the Department of Justice against two entities - AIG Federal Savings Bank, FSB, and Wilmington Finance, Inc. - that are wholly unrelated to any Deutsche Bank entity. *See* Compl., *United States v. AIG Federal Savings Bank*, No. 10cv178-JJF (D. Del. Mar. 4, 2010). For example, both complaints allege the same (1) number of "non-conforming real estate residential home loans" (179,000); (2) percentage of these loans that were wholesale loans procured by the loan originator through third-party mortgage brokers (94%); (3) terms and provisions of the service agreement; (4) disparate brokers fees charged to minority borrowers (ranging from 25 to 75 basis points higher, and averaging 20 basis points higher); and (5) nineteen metropolitan areas in which the disparate treatment occurred. Bowden cannot state a plausible claim by simply copying and pasting a complaint - based upon in-depth investigation and containing detailed statistical, geographic, and other factual allegations - that relates to entirely distinct entities. Therefore, this count must be, and is, dismissed for failure to state a claim.

In her response to Deutsche Bank's motion, Bowden notes that her "initial efforts to write complaints that stick have been unsuccessful," and requests that she be given "at least one more

chance to write a complaint that meets the District Court's standards." (Pl.'s Resp. to Deutsche Bank's Mot. to Dismiss at 10). The Federal Rules of Civil Procedure provide that, unless an amendment is filed under circumstances that are not applicable here, a party may amend a pleading only with the consent of the opposing party or the specific authority of the court. Fed. R. Civ. P. 15(a). This Rule is to be construed liberally, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court, speaking of the Federal Rules generally as well as of Rule 15 in particular, has stated that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [ ] mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (citation omitted) ("[T]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings."). The underlying purpose of allowing parties to amend their pleadings is to permit the issues to be tried on the merits. *Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

The Supreme Court has articulated several factors that are relevant to the propriety of granting a request for leave to amend. "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182; *see also Commercial Money Ctr.*, 508 F.3d at 346.

The Court concludes that these factors are sufficient to outweigh the presumption in favor

13

of an amendment. Bowden evidently seeks to assert two new claims against Deutsche Bank.[10] The

first new claim appears to be a slightly modified reprise of one that she had previously requested

leave to raise in the form of a sur-reply to American Home's dispositive motion - to wit, that

Deutsche Bank was not the owner of the mortgage and that the foreclosing party (there alleged to

be American Home; now alleged to be Deutsche Bank; in the complaint, alleged to be MERS)

lacked standing to initiate non-judicial foreclosure proceedings. The Court denied leave then

because, among other reasons, she had provided no reason to depart from the general rule that a

"reply or sur-reply is not the proper place to raise an entirely new argument." *See Scottsdale Ins.*

*Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). As before, Bowden has not provided any factual

or legal support for this claim, and the exact nature of this claim is unclear. However, it appears that

it is based upon the holding of the Michigan Court of Appeals in *Saurman*, as extended by *Bakri*

*v. Mortgage Electronic Registration Systems*, No. 297962, 2011 WL 3476818 (Mich. Ct. App. Aug.

9, 2011). As noted above, *Saurman* held that MERS, as a mortgagee that did not also hold the note,

was not "the owner . . . of an interest in the indebtedness secured by the mortgage," Mich. Comp.

Laws § 3204(1)(d), and therefore lacked the authority to initiate a non-judicial foreclosure. 2011

WL 1516819, at *4. This ruling was extended in *Bakri*, with the Michigan Court of Appeals

holding that an entity which held a mortgage by virtue of an assignment from MERS (but that did

not hold the note), like MERS, did not hold an ownership interest in the indebtedness and likewise

lacked authority to foreclose. Bowden appears to assert that, because MERS assigned the mortgage

---

[10] It should be noted that Bowden - contrary to the requirements of E.D. Mich. LR 15.1 -
failed to attach the proposed amended complaint to her request. However, the Court hastens to
add that this Local Rule also provides that a "[f]ailure to comply with this Rule is not [a ground]
for denial of the motion."

to Deutsche Bank, the latter entity, under *Saurman* and *Bakri*, lacked standing to initiate foreclosure. This is wrong for at least two reasons. First, Deutsche Bank was not only the mortgagee, but was also the holder of the note. Second, *Saurman* and, by extension, *Bakri* were reversed by the Michigan Supreme Court, which held that a mortgagee - even one that did not hold the note - was permitted to initiate foreclosure proceedings. *See Luster v. Mortg. Elec. Registration Sys.*, No. 11-14166, 2012 WL 124967, at *3 (E.D. Mich. Jan. 17, 2012) (noting that Supreme Court *sub silentio* reversed *Bakri* when it reversed *Saurman*). Thus, an amendment to add this claim would be futile.

The second new claim that Bowden seeks to assert is that Deutsche Bank, "acting in concert with AIG Federal Savings Bank and Old Cornerstone Financial, LLC have engaged in lending practices [ ] which violate the Federal Home Owners and Equity Protection Act (HOEPA)." (Pl.'s Resp. to Deutsche Bank's Mot. to Dismiss at 11). In support of this accusation, Bowden directs the Court to a ten-page excerpt from a report of the National Commission on the Causes of the Financial and Economic Crisis in the United States. Notably, this excerpt makes no mention of any of the three entities that Bowden claims to have violated HOEPA. As Deutsche Bank aptly notes, evidence that some unrelated entity may have violated federal laws with respect to unrelated transactions with unrelated plaintiffs simply cannot provide a plausible basis for Bowden to assert that those same violations occurred here. Moreover, any HOEPA claim would be barred by the statute of limitations. 15 U.S.C. §§ 1640(e) (one-year limitations period for damages), 1635(f) (three-year limitations period for rescission). Bowden's complaint was filed more than three years after the consummation of the loan.

In addition to the patent futility of the requested amendments, the Court briefly notes that

15

the other *Foman* factors also support a denial of this request. Bowden has not suggested that she

was unable to bring these allegations sooner, and their respective bases are not new. For example,

the Federal Crisis Inquiry report was published in January 2011, several months before she filed

her second amended complaint. The Court is inclined to view this request as another example of

Bowden's apparent "moving target" approach to litigation, wherein she successively lodges new

allegations and claims, without appropriate factual, statutory, or case law support, in nothing more

than a seeming effort to further delay resolution of this matter. This sort of strategy not only unduly

delays the proceedings, but causes significant prejudice to a party who is forced to defend against

an ever-changing array of charges. For all of these reasons, Bowden's request to file "at least one

more" amended complaint is denied.

## IV.

For the reasons that have been set forth above, the Court (1) grants American Home's

motion to dismiss (ECF 15); (2) amends the caption in this case to remove "Deutsche Bank, f/k/a,

Bankers Trust, a New York business entity" and to add "Deutsche Bank National Trust Company,

as Indenture Trustee for the American Home Mortgage Investment Trust 2007-1 Mortgage-Backed

Notes and Grantor Certificates" as a Defendant in this case; (3) denies Bowden's request, made in

her response brief (ECF 37), for leave to file a third amended complaint; and (4) grants Deutsche

Bank's motion to dismiss (ECF 31).

16

IT IS SO ORDERED.

Date: February 27, 2012                                         s/Julian Abele Cook, Jr.

                                                               JULIAN ABELE COOK, JR.

                                                               U.S. District Court Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 27, 2012.


                                                 s/ Kay Doaks
                                                 Case Manager